UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| **CHARLES COWING,** | **CIVIL ACTION NO. 5:15-129-KKC** |
| **Plaintiff,** | |
| V. | <u>**OPINION AND ORDER**</u> |
| **LOCKHEED MARTIN CORP.,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiff Charles Cowing's motion to remand. (DE 4). Defendant Lockheed Martin Corp. ("Lockheed") filed a Notice of Removal on May 8, 2015, (DE 1) after the State Court granted summary judgment for the sole non-diverse defendant. (DE 1-3.) Plaintiff seeks remand, pursuant to 28 U.S.C. § 1447(c), alleging that Lockheed's removal was procedurally defective due to a lack of complete diversity. Plaintiff avers that the Fayette Circuit Court's dismissal of the non-diverse defendant was involuntary and, thus, this is not a case "which is or has become removable." 28 U.S.C. § 1446(b)(3). For the reasons stated below, the Court will deny Plaintiff's motion to remand.

## I. BACKGROUND

Plaintiff filed his Amended Complaint against Lockheed and Andy Commere in the Fayette Circuit Court ("State Court") on October 28, 2014. (DE 1-1 at 11). Plaintiff and Commere are citizens of Kentucky, and Lockheed is a Maryland Corporation; therefore, while Commere was a party, removal was improper. Counts 1 and 2 of the amended complaint allege that Lockheed discriminated against Plaintiff on the basis of disability in

violation of the Kentucky Civil Rights Act. (DE 1-1 at 40–43.) Count 3 claims that Commere aided and abetted Lockheed's discrimination in violation of KRS 344.280. (DE 1-1 at 44.)

On March 26, 2015, Commere moved for summary judgment on Count 3. (DE 1-1 at 125.) After full briefing and oral argument the State Court concluded that Count 3 "was barred by the intra-corporate conspiracy doctrine." (DE 5 at 3.) The State Court's local rules require that "[w]henever any ruling is made . . . an order or judgment in conformity therewith shall be attested by counsel for all parties thereto as being in conformity to the ruling . . . and shall be presented to the Court." RULES OF THE FAYETTE CIRCUIT CRIMINAL AND CIVIL COURT 19 (2009) (hereinafter "RFCC"). The State Court issued instructions consistent with this rule, and, pursuant thereto, the parties began drafting a judgment. (DE 5 at 3.) Defendants' counsel prepared the original draft without language stating that the judgment would be final and appealable. (DE 5 at 4.) Plaintiff's counsel objected and proposed incorporation of such language. (DE 5 at 4.) Defendants' counsel obliged and the subsequently tendered judgment was signed by the State Court on April 21, 2015. (DE 5 at 4.) Plaintiff filed a notice of his appeal of that summary judgment with the State Court on May 19, 2015. (DE 4-2.)

Plaintiff now challenges Defendant's removal to this Court following the non-diverse party's dismissal from the state court action. Plaintiff asserts that Commere's dismissal was involuntary and because he has appealed that dismissal with a reasonable possibility of success, he is entitled to remand. (DE 4-1 at 3–4.) Lockheed responds that removal was not based on the dismissal itself, but on the language Plaintiff added to the judgment effecting that dismissal. Because this Court is persuaded that Plaintiff's additions severed the Commere claim, Lockheed's alternative arguments regarding waiver and Plaintiff's likelihood of success on appeal need not be addressed.

2

## II. ANALYSIS

Generally, a civil action may be removed from a state court if the federal courts would have had original jurisdiction based on diversity of citizenship, 28 U.S.C. § 1441, provided that no defendant "is a citizen of the State in which such action is brought." *Id.* § 1442(b)(2). Although removal jurisdiction normally must be apparent from the complaint, removal is also permitted under limited circumstances "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one *which is or has become removable.*" *Id.* § 1446(b)(3) (emphasis added). However, Lockheed bears the burden of establishing its entitlement to this forum. *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). And, the interests of comity and federalism require strict construction of the statutes conferring jurisdiction to the federal courts on removal. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). Thus, the relevant question is whether Lockheed has carried its burden of showing that this case is one which has become removable.

This District has long held that "[i]f . . . plaintiff states a non-removable case in his initial complaint, involuntary changes will not make the case removable; they must have been brought about by the voluntary act of the plaintiff." *Saylor v. Gen. Motors Corp.*, 416 F. Supp. 1173, 1175 (E.D. Ky. 1976). The crux of the parties' dispute is whether Plaintiff voluntarily acted to make this case removable. Lockheed does not argue that Plaintiff voluntarily dismissed Commere. *See CIT Grp./Consumer Fin., Inc. v. Landamerica*, 2006 WL 3043418, at *2 (E.D. Ky. Oct. 24, 2006) ("A default judgment, like summary judgment, is not a voluntary act of the plaintiff.") (internal citations omitted). Instead, Lockheed avers

that Plaintiff voluntarily severed his claims against Commere leaving only the two diverse parties in the instant action. (DE 5 at 5–7.)

After the State Court dismissed Commere, Plaintiff requested an alteration to the draft judgment proposed by Lockheed. (DE 5-5.) Plaintiff stated that there was "no reason" why the judgment should not be final and appealable. (DE 5-5.) Lockheed obliged by adding a provision stating that "[t]here is no just reason for delay, and this is a final and appealable order." (DE 5-6.) Plaintiff approved the revised judgment, which was subsequently tendered to and signed by the State Court. (DE 5-7, 5-8.). Lockheed represents that this course of events worked a voluntary severance of Plaintiff's claim against Commere. (DE 5 at 6.)

The added language is necessary to trigger Kentucky Rule of Civil Procedure 54.02(1), which the Kentucky Supreme Court has held is "substantively equivalent to Federal Rules (sic) of Civil Procedure (FRCP) 54(b)." *Watson v. Best Fin. Servs., Inc.*, 245 S.W.3d 722, 725 (Ky. 2008). Dismissals meeting these rules' requirements allow for immediate appellate review of determinations that would otherwise be interlocutory and unappealable. *See id.* at 726. However, certifying a partial judgment under both rules requires an additional trial court determination that the claims are severable. *See U.S. Citizens Ass'n v. Sebelius*, 705 F.3d 588, 594 (6th Cir. 2013) ("We review de novo the district court's determination that multiple claims exist and that one or more of them have been finally determined and may be severed from the remaining claims for the purpose of immediate appeal."); *Jackson v. Metcalf*, 404 S.W.2d 793, 794-95 (Ky. 1966) ("The trial judge should always determine in entering a certification under CR 54.02 that the order being certified is sufficiently important and severable to entitle a party to an immediate appellate review."). Contrary to Plaintiff's representations, this Court can assume that the

State Court complied with this duty prior to signing a judgment that included the triggering language without presuming "that another court is merely a tool subject to the parties' manipulation." (DE 6 at 2.) Similarly, the propriety of the State Court's severability determination is not at issue for purposes of a motion to remand. Thus, this Court will assume not only that such a determination was made, but also that it was valid.

It is likewise clear that the State Court's determination was prompted by Plaintiff's voluntary action. There is no indication that the State Court discussed the possibility of Rule 54.02 certification when initially granting Commere summary judgment. The first appearance of the triggering language in the record is Plaintiff's request. Nevertheless, Plaintiff seeks to establish involuntariness by reference to (1) the State Court's initial ruling, (2) the local rule requiring proposed judgments "consistent with the court's ruling," and (3) the State Court's failure to reject the proposed judgment. (DE 6 at 1–2.) Thus, Plaintiff asserts, that approved language was compelled by the initial ruling rather than a voluntary addition. Plaintiff apparently conflates the terms "consistent with" and "identical to"—an untenable premise. The proposed judgment could, as it apparently did here, provoke an additional determination on an untouched issue while remaining consistent with the State Court's initial ruling.

Having found that Plaintiff invited the State Court's determination of severability, this Court must determine whether that act resulted in removability. 28 U.S.C. § 1446(b)(3). Lockheed must show that Plaintiff's actions effectively "t[ook] the resident defendant[ ] out of the case." *American Car & Foundry Co. v. Kettelhake*, 236 U.S. 311, 316 (1915). As noted above, a necessary prerequisite to certification is that the claims "can be decided independently of each other." *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956). Plaintiff requested certification, which, if permitted, required the State Court's

5

belief that "the claims are distinct enough to warrant separate appeals" and that "the underlying action does not need to be reviewed as a single unit." *Fed. Deposit Ins. Corp. v. Tripati*, 769 F.2d 507, 508 (8th Cir. 1985). This Court is compelled to hold that Plaintiff, thus, "voluntarily abandon[ed] the joint character of his proceedings." *S. Pac. Co. v. Haight*, 126 F.2d 900, 904 (9th Cir. 1942).

Further, the conclusion that Plaintiff acted voluntarily to create two separate and distinct lawsuits is bolstered by his conduct following Commere's dismissal. On May 19, 2015, Plaintiff filed his notice of appeal naming Commere as the sole appellee. As Plaintiff was surely aware, in Kentucky "failure to name an indispensable party in the notice of appeal . . . is considered a jurisdictional defect." *McBrearty v. Kentucky Cmty. & Technical Coll. Sys.*, 262 S.W.3d 205, 210 (Ky. Ct. App. 2008) (citing CR 19.02); *see also* KENTUCKY COURT OF APPEALS BASIC APPELLATE PRACTICE HANDBOOK at 14–15 (2010 ed.) ("In preparing a listing of appellees, the appellant must include all parties who would be affected by the reversal of the judgment. All such parties must be named."). "For purposes of appeal, a person is a necessary party if the person would be a necessary party for further proceedings in the circuit court if the judgment were reversed." *McBrearty*, 262 S.W.3d at 211.

Plaintiff's failure to include Lockheed in his notice of appeal dictates one of two conclusions, either of which leads to the conclusion that Lockheed's removal was proper. Either Plaintiff has conceded that Lockheed is not a necessary party for further state court proceedings regarding the Commere claim—even if he succeeded on appeal—or, he has filed a jurisdictionally defective notice of appeal necessitating dismissal. The former reinforces this Court's holding that these are now two distinct proceedings; if they were not, Lockheed would certainly be a necessary party upon remand. The latter would moot Plaintiff's

diversity argument by converting the State Court's dismissal to a final *non-appealable* judgment. Moreover, it would simply be inequitable to permit Plaintiff to use CR 54.02 both as sword and shield. First, to obtain the rights to pursue the Commere claim *separately* in State Appellate Courts and second, to claim that the actions now separately litigated are still *joint* for diversity purposes to thwart removal from his forum of choice.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand (DE 4) is **DENIED**.

Dated March 29, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY