UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| CHARLES COWING,<br><br>    Plaintiff,<br><br>V.<br><br>LOCKHEED MARTIN CORPORATION,<br><br>    Defendant. | CIVIL NO. 5:15-129-KKC-REW<br><br><br>**OPINION & ORDER** |

   This matter is before the Court on defendant Lockheed Martin Corporation's motion in limine. (DE 45). For the reasons stated on the record during the pretrial conference in this case and those that follow, Lockheed Martin's motion in limine is **DENIED** in part and **GRANTED** in part.

   In its motion (DE 45), Lockheed Martin sought an order from the Court that would:

   (1) preclude Cowing from recovering lost wages for any period after January 7, 2014;

   (2) reduce any damages for lost wages awarded to Cowing by the amount of short-term disability payments he received;

   (3) preclude Cowing from presenting evidence of emotional distress and from recovering any amount for emotional distress; and

   (4) preclude Cowing from introducing any evidence regarding his future earning capacity and from recovering damages for any alleged impairment of his earning capacity.

   As the Sixth Circuit has explained, "[a] motion in limine is any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013) (internal quotation marks omitted). The functions of motions in limine are different from those of motions for summary judgment. *Id.* Summary judgment motions are "designed to eliminate a trial in cases where there are no genuine issues of material fact." *Id.* (internal quotation marks omitted). Motions in limine, on the other hand, are "designed to narrow the evidentiary issues for trial and to eliminate unnecessary trial

interruptions." *Id.* (internal quotation marks omitted). In other words, summary judgment motions are the proper device for resolving non-evidentiary matters prior to trial. *See id.*

Here, the first three requests contained in Lockheed Martin's motion in limine will be denied. The company's first request implicates factual issues that would need to be resolved by a jury, and the second request would be better addressed by a verdict form or through proper jury instructions. Moreover, Lockheed Martin already raised the third request in its motion for summary judgment (DE 22), and this request will be denied for the reasons stated in the Court's opinion on that motion (DE 51).

However, Lockheed Martin's fourth request will be granted because Cowing has conceded that he intends to seek only emotional distress and back pay as damages.

Accordingly, it is hereby **ORDERED** that Lockheed Martin's motion in limine is **DENIED** in part and **GRANTED** in part.

1. The requests for an order precluding Cowing from recovering lost wages after January 7, 2014, reducing any damages awarded for lost wages by the amount of short-term disability he received, and precluding him from presenting evidence on and from recovering damages for emotional distress will be **DENIED.**

2. Lockheed Martin's request regarding whether Cowing can present evidence on or recover damages for any alleged impairment of his earning capacity will be **GRANTED.**

Dated January 20, 2017.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

\